## The State v. E. Shwartz.

Article 487 of the Code of Criminal Procedure prescribes the exceptions, and those only, which will be entertained, whether for matter of form or substance; and an exception which seeks to raise questions of that kind touching the sufficiency of indictment, must conform to the terms of said article.

An exception, therefore, to an indictment, "for uncertainty, in this," &c., is irregular and improper; one of the permitted exceptions which properly presents questions involving the sufficiency of an indictment as to form and substance, is, "that the offence is not set forth in plain and intelligible words."

An indictment which charges that the defendant "did sell to a negro, a slave, name unknown to the grand jury, a quantity of intoxicating liquors, without the written consent of master, mistress, overseer, or employer of said negro slave," does not set forth all the facts and circumstances con-

## The State v. Shwartz.

stituting the criminal offence, much less are they set forth in plain and intelligible words, so as to apprize the court or the defendant of the offence intended to be charged with sufficient certainty.

Whether it is necessary to state the name of the master, mistress, overseer, or employer, in every imaginable case that may arise, it is unnecessary to decide; but where the name of the negro is unknown, and the particular transaction is not otherwise identified, as in this case, then it is necessary.

APPEAL from Harrison. Tried below before the Hon. C. A. Frazer.

*Attorney-General,* for the State.

*Hill & Hill,* for the appellee.

ROBERTS, J.—The indictment was found 9th of September, 1859, and charged that the defendant "then and there," (9th of August, 1859, in Harrison county,) "did sell to a negro, a slave, name unknown to the grand jury, a quantity of intoxicating liquors, without the written consent of master, mistress, overseer, or employer, of said negro slave."

The defendant excepted to the indictment, "for uncertainty, in this, that it does not state the name of the master, mistress, overseer, or employer, of the negro slave to whom it is alleged that liquor was sold by defendant."

The court below sustained the exception, and discharged the defendant; from which decision the State appealed to the Supreme Court.

The Code of Criminal Procedure seems to contemplate that only certain specified exceptions are permissible, and that unless the defect in the indictment be embraced in one of the prescribed exceptions, it shall not constitute a valid objection.

The pleadings in criminal actions, on the part of the defendant, are classed under five heads, to wit: 1. Motion to set aside an indictment or information. 2. Special pleas. 3. An exception to an indictment or information for some matter of form or substance. 4. A plea of guilty. 5. A plea of not guilty. (O. & W. Dig., Art. 482.)

Article 487 prescribes the exceptions, and those only, which will be entertained, whether for matter of form or substance. The exception for "uncertainty" is not expressly enumerated; and, therefore, the first question presented is, whether or not the exception of uncertainty, as made in this case, is substantially tantamount to, or necessarily embraced within any one or more of the enumerated exceptions which are permitted by the Code. A very little reflection will lead to the conclusion that this is an investigation which should never be imposed on the court. The Code has enumerated the permissible exceptions, and prescribed the form in which they may be presented. These forms are short, and certainly intelligible. Why permit the practice of adopting others? It must often lead to perplexing questions of comparison and analogy, in reference to the force and meaning of particular expressions used, and to mere philological investigations. The Code seeks to simplify the practice of exceptions to indictments by restricting them to a range much less expansive than the fruitful imagination of every anxious or zealous exceptor may explore, and by confining them to a few plain propositions, enumerated and prescribed. This is evidently the design of the provisions of the Code, and the sooner the practice in the District Courts is made to conform strictly to it, the better.

The court below did entertain and sustain the exception thus informally presented. We have no hesitation in pronouncing such an exception to be irregular and improper; but if we were to hold the action of the court to be erroneous on that account, it would merely result in sending the case back for the exception to be put in proper form, as it should have been required to be done by the court below in the first instance, before entertaining it. The form of this exception is not unusual, at all; but we have selected this case in which to express our views of the proper practice under the Code. One of the permitted exceptions is, that the offence is not set forth in plain and intelligible words. (Arts. 395, 488, 487.) This is an exception which may embrace both form and substance. The phraseology used may be so obscure and inapt as that the meaning of the instrument may not be certainly intelligible; or the facts and circumstances which constitute the

The State v. Shwartz.

particular offence intended to be charged may not be plainly and intelligibly set forth in the indictment. The first of these propositions embraced under this exception is matter of form; and the latter may be a matter of form or substance, or of both together. For instance, a fact or circumstance may be wholly omitted, the statement of which may be necessary to render certain, definite, or intelligible, or to give character, pertinency, or identity, to those which are stated. This was what was designed, and is substantially embraced in the exception taken in this case for uncertainty in not stating the name of the master, &c., of the slave. The reason why this is a good objection to the indictment, (the question of the form of the exception being settled, or waived, under the circumstances,) is, that the omission to state the name of the master, &c., of the slave, (the name of the slave being unknown and not stated,) produces that sort of a want of identity of the particular transaction intended to be charged against the defendant, that, though innocent, he could not come to trial prepared to defend himself. What slave bought the liquor? Whose permission did he neglect to obtain in selling the liquor to the slave?

What permission in writing can possibly apply to this unknown slave? The defendant may have general or special permissions in writing from fifty persons owning slaves, and he may never have sold liquor without such permission; still, if he were indicted, as in this case, which permission shall he bring forth and establish in his defence? The establishment of all of them can not save him, if the State can prove enough to make out a *prima facie* case against him. If it be necessary in all cases for the State to prove affirmatively the negative fact—the want of the permission of the master—it would have to prove, first, in order to do this, the name of the master. Every fact necessary to be proved must be alleged. (Arts. 395–6.) Under this view, this indictment would be defective. But if it be competent for this negative fact to be established by negative proof, as that some witness saw the defendant sell liquor to an unknown black man, and there was no written permission, or written instrument of any kind, exhibited at the time, then a *prima facie* case would be made against the defendant,

The State v. Shwartz.

under the allegations of this indictment, which he could not rebut otherwise than by an accidental possibility, although he were innocent. To rebut it, he must identify the transaction which he could justify as being the same spoken of by the witness; he must identify the negro spoken of by the witness, and show that he has no master, or, if he have, who he is; and then he must show such written permission as will apply to this transaction of sale. A *prima facie* case made out by the State is regarded as sufficient to sustain a conviction only upon the ground that defendant has it reasonably and probably within his power to rebut it, if he be innocent. A statement of facts should not, therefore, be held sufficient, if a *prima facie* case might be made of their truth, which the defendant cannot be reasonably supposed to have the probable, and hardly possible, means of rebutting.

We are of opinion, then, that the facts and circumstances constituting the offence are not all set forth at all, much less in plain and intelligible words, so as to apprize the court or the defendant of the offence intended to be charged, with sufficient certainty.

Whether it is necessary to state the name of the master, mistress, overseer, or employer, in every imaginable case that may arise, it is unnecessary to decide; but where the name of the negro is unknown, and the particular transaction is not otherwise identified, as in this case, then it is necessary.

Judgment affirmed.