## No. 2620.

### Ben Presley *v.* The State.

FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY—INDICTMENT—
FACT CASE.—The indictment in this case alleges that the mortgaged property was fraudulently disposed of by the accused to some person to the grand jury unknown. The evidence shows that it was disposed of to one Ike Thomas, and that the grand jury either knew, or by the exercise of reasonable diligence could have ascertained, that fact. *Held*, that the indictment is sufficient to charge the offense of fraudulently disposing of mortgaged property, but the evidence disproving an essential allegation in the said indictment, is insufficient to support the conviction.

APPEAL from the District Court of Freestone. Tried below before the Hon. Sam R. Frost.

The conviction in this case was for fraudulently disposing of a horse on which the accused had previously executed a chattel mortgage, and the penalty assessed was a term of three years in the penitentiary.

The testimony of the prosecuting witness shows that when he reported this cause to the grand jury he knew that Ike Thomas was the person to whom defendant had traded the horse, and that said Thomas at that time was living in Freestone county.

*Kirven, Gardner & Etheredge,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction was for fraudulently selling, trading and disposing of certain mortgaged property. It is alleged in the indictment that the property was sold, traded and disposed of to a certain person whose name is to the grand jurors unknown. Upon the trial it was shown that the property —a horse—was traded to one Ike Thomas, and this fact was evidently known to the grand jury, or could have been known by the smallest degree of diligence.

If the name of the person to whom the property was sold or traded was known to the grand jury, it was essential that it should have been given in the indictment. The Assistant Attorney General contends that, since the question is the intent to defraud, it matters not to whom the property was sold or traded. While this is true, the indictment should nevertheless inform the accused of the name of the person to whom the property was sold or traded. (Bush v. The State, 1 Texas, 455; Bunch v. The State, 1 Texas, 609; Schwartz v. The State, 25 Texas, 764.)

The indictment in this case is sufficient; but the proof fails to sustain the allegation that the name of the person to whom the property was sold or traded was unknown to the grand jury. As above stated, the proof shows beyond doubt that the horse was traded to Ike Thomas, which fact could have been ascertained by the use of any diligence whatever.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*