244

PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL VELASCO, Defendant and Appellant.

No. 3060.   Argued February 10, 1927.—Decided February 18, 1927.

*M. Bahamonde* and *Felipe Colón* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant was convicted of carrying a weapon and now says that the facts charged in the information do not constitute a crime.

The information charges the carrying of a firearm which is alleged to be an instrument capable of producing bodily harm.

Appellant, in support of his contention, cites two cases in which this court has held that an information for theft must describe the stolen articles; also 31 C. J. 712, sec. 264, *United States* v. *Hess,* 124 U.S. 483, to the effect that where the definition of the offense is in generic terms the information must state the species; 31 C.J. 731, sec. 275, where it is said that "the description must be such as to identify the offense, to inform defendant of the charge, to inform the court what sentence to pass, and to support a plea of former jeopardy;" *Commonwealth* v. *Johnson,* 13 Pa. Co. 543, as holding that "an indictment which charges defendant with tearing down 'a constable's notice, advertising certain property for sale' is too indefinite and uncertain;" and *State* v. *Schwartz,* 25 Texas, 764, to show that "an indictment for selling a slave without the written consent of his master, which sets forth neither the name of the slave nor that of the master is insufficient."

The *fiscal* in reply quotes a dictionary definition of the

term "firearm" and states that in his opinion the information is sufficient.

If the information in the instant case had charged merely in the language of the statute that defendant was carrying an instrument capable of producing bodily harm, then, upon the general principle announced in the text quoted by appellant, a reversal would be proper. But the information herein specifies a firearm and it is elementary law that "informal or imperfect allegations of essential facts in an indictment should be taken advantage of by motion to quash, or by demurrer, and are waived by pleading to the merits or by going to trial." 31 C. J. 874, sec. 536.

. In the absence of timely objection in the court below and of anything more definite in the way of authority to support a contrary conclusion, we are constrained to hold that the information states an offense.

It is also suggested that the statute prohibiting the carrying of weapons is unconstitutional by reason of the vagueness and uncertainty of the definition contained therein, but this question was decided adversely to defendant in the case of *People* v. *Vadi*, 34 P.R.R. 441, and we find nothing in the brief to justify a reconsideration of the conclusion reached in that case.

The judgment appealed from is affirmed.