## GIMÉNEZ v. LAS R. R. M. M. CARMELITAS.

### APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 106. Resuelto en Junio 19, 1905.

INTERDICTO DE RETENER LA POSESIÓN.—CUMPLIMIENTO DE SENTENCIA.—En los interdictos de retener la posesión, no cabe reponer al demandante en posesión alguna, de que no ha sido privado, siendo suficiente para dar cumplimiento á la sentencia que en los mismos se dicte, notificarla á las partes interesadas,

JURISDICCIÓN.—ERRORES COMETIDOS POR LOS TRIBUNALES INFERIORES.—El Tribunal Supremo carece de jurisdicción para corregir los errores cometidos por los Tribunales inferiores, si no se hubiere interpuesto para ello el correspondiente recurso, ó si éste se hubiere interpuesto fuera de término.

RECURSO DE REPOSICIÓN.—El recurso de reposición deberá interponerse dentro de los cinco días que señala al efecto el art. 376 de la antigua Ley de Enjuiciamiento Civil.

PRESCRIPCIÓN.—ACCIÓN PARA RETENER Ó RECOBRAR LA POSESIÓN.—La acción para recobrar ó retener la posesión prescribe por el transcurso de un año, y aun cuando este precepto se refiere á los casos en que la posesion es atacada por particulares, es, con mayor razón, aplicable á un estado de derecho que ha creado una posesión conferida á virtud de resolución judicial, que no fuere impugnada dentro de término legal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Morera.*

Abogado del apelado: *Sr. Emigdio Ginorio.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la opinión del tribunal.

Con fecha 6 de Abril de 1895, Doña Agustina y Doña Josefa Giménez Sicardó promovieron ante el suprimido Juzgado de Primera Instancia de Caguas, interdicto de retener la posesión de setenta y una cuerdas de terreno, que en unión de otros hermanos poseían en el barrio de "Cañabón" del término municipal de dicha ciudad, en cuya posesión les había perturbado Don Juan Mollfulleda, á nombre de su hermano Don Magín del propio apellido; y seguido el juicio por sus trámites legales, el referido Juzgado dictó sentencia en 9 de Agosto del propio año, por la que declaró con lugar dicho interdicto, ordenando fueran mantenidas las promoventes en posesión de aquellos terrenos, sin perjuicio de tercero, y fuera requerido Don Juan Mollfulleda para que en lo sucesivo se abstuviera de cometer actos que manifestaran el propósito de perturbar ó inquietar en la posesión á Doña Agustina y Doña Josefa Giménez y Sicardó, bajo el apercibimiento que correspondiera en derecho, con imposición de todas las costas á Don Juan Mollfulleda y con reserva á las partes del derecho que pudieran tener sobre la propiedad ó

posesión definitiva, para que lo utilizaran en el juicio correspondiente.

Fué notificada á las partes la sentencia pronunciada y se hizo á Don Juan Mollfulleda el requerimiento ordenado; pero habiendo interpuesto el Mollfulleda recurso de apelación para ante la Audiencia del Territorio, ese Tribunal, por sentencia de 20 de Julio de 1896, revocando la apelada, declaró sin lugar el interdicto de retener, condenando á las demandantes en las costas de la primera instancia, y dejando sin efecto el requerimiento hecho á Mollfulleda.

Devueltos los autos con certificación de la sentencia dictada al Juzgado de primera instancia de Caguas, solicitó Don Juan Mollfulleda en escrito de 10 de Abril de 1899 que habiendo vendido los terrenos de que se trata por escritura de 19 de Enero de 1897 á las R. R. Monjas Carmelitas, representadas por su colector general Don Manuel Díaz Caneja, fueran éstas repuestas en la posesión de dicha finca, bajo los límites y colindancias constantes en la escritura de dominio, y á ese escrito recayó auto en 12 del propio Abril disponiendo que Mollfulleda fuera repuesto en la posesión dada por el Juzgado Municipal de Caguas en 26 de Noviembre de 1899 de la finca descrita en la certificación del Registrador de la Propiedad obrante en autos bajo los lindes y en la porción que en la misma se expresan, á reserva de proveer lo demás que correspondiera cuando se acreditara por los cesionarios ó su representación los derechos que les hubieran sido cedidos, habiéndose notificado esa resolución únicamente á Don Juan Mollfulleda.

La posesión ordenada en auto de 12 de Abril de 1899 fué dada en esa misma fecha á Don Juan Mollfulleda como apoderado de su hermano Don Magín, sin intervención de las demandantes, según aparece de diligencia extendida al efecto.

En 17 de Abril citado Don Pedro Giménez Sicardó, en

concepto de apoderado de sus hermanas Da. Agustina y Da. Josefa de los mismos apellidos, solicitó reposición del auto de 12 del mismo Abril, sin que á ese recurso haya recaído resolución.

En 13 de Mayo y 7 de Octubre de 1901 volvió á insistir Don Juan Mollfulleda en que se diera posesión á las Monjas Carmelitas, representadas por su Colector Don Manuel Díaz Caneja, de los terrenos en cuestión, que les había vendido por escritura de 19 de Enero de 1897, trayéndose previamente á los autos copia de dicha escritura, como así se hizo, por orden del Tribunal del Distrito de San Juan que ya conocía de los autos, y entonces dicho Tribunal por auto de doce de Octubre citado, dispuso que las Monjas Carmelitas fueran puestas en posesión de la finca que les había sido vendida, cuya diligencia se entendería con el representante de aquéllas Don Manuel Díaz Caneja, auto que no fué notificado en forma á las demandantes.

Esa posesión se llevó á efecto en dos de Diciembre de 1901 con protesta de Don Antonio Giménez Sicardó, que dijo ser representante de la Sucesión de Don Manuel Giménez Córdova, de que eran partes las demandantes, y el cual fué requerido para que permitiera la entrada en la finca á Don Pascual Fernández, designado por Don Manuel Díaz Caneja, para recibir la posesión, siendo de notar que en ese acto no tuvo intervención alguna Don Juan Mollfulleda, no obstante, la posesión que aparece de los autos habérsele dado en 12 de Abril de 1899.

Del auto de 12 de Octubre de 1901 pidió reposición el Letrado Don Luis Freyre, en representación de Da. Agustina Giménez Sicardó, con fecha 30 de Junio de 1903, solicitando se dejara sin efecto, y si á ello no hubiera lugar, se declarara nulo el acto de posesión dado á las Monjas Carmelitas en 2 de Diciembre de 1901 con reposición de las cosas al ser y estado que tenían al dictarse el precitado auto.

Sin que Mollfulleda hiciera alegación alguna en contra

de dicho recurso, la Corte de Distrito de San Juan, por mayoría de votos lo resolvió por auto de 21 de Julio de 1903, cuyos Considerandos y parte dispositiva dicen textualmente como. sigue:

"*Considerando*: que la posesión dada á las Monjas Carmelitas como cesionarias de Magín Molfulleda, á petición de Juan Molfulleda es viciosa é ilegal; no tan sólo porque la sentencia de cuya ejecución se trata no ha ordenado dar dicha posesión, sino porque la petición de que se dé posesión á las Carmelitas se formuló por Molfulleda como apoderado de su hermano, manifestando, no obstante, que había trasmitido sus derechos á las Carmelitas que eran las únicas que podían instar, y además que la cesión no se ha acreditado por no estar firmado por el Secretario el título que de autos aparece (folio 123 al 130 vuelto) ni tener adheridos los sellos de rentas internas correspondientes.

*Considerando*: que interpuesto en tiempo y forma el recurso de reforma, es de reformarse el provisto, declarándolo nulo y sin efecto, y, por lo tanto, la posesión entregada en virtud de tal provisto extrajudicial; y

*Considerando*: que no cabe dentro de la competencia judicial en estos autos, ni actos ni provistos que puedan cambiar el estado actual de las cosas, no es de proveer más que declarar la nulidad é improcedencia del provisto de 12 de Octubre, sin tomar medidas ó mandar despachos con el fin ó efecto de cambiar el estado actual de la posesión y dejando á las partes el ventilar sus derechos sobre la posesión y propiedad en el juicio declarativo que corresponda.

*Visto* el artículo 1656 y los de la Ley Procesal referidos al interdicto de retener posesión.

Se reforma por contrario imperio de la Ley el provisto de 12 de Octubre del año 1901, el cual se declara nulo, sin ordenar más el Tribunal por carecer de competencia en estos autos para dictar órdenes que puedan alterar la posesión actual."

Contra ese auto de 21 de Julio de 1903 interpuso la representación de las Monjas Carmelitas recurso de apelación que le fué admitido por mayoría de votos; y tramitado dicho recurso con alegaciones escritas de ambas partes é informe oral del Letrado de la parte apelada pende hoy de decisión ante esta Corte Suprema.

Varias son las irregularidades de procedimiento cometidas en las diligencias de ejecución de la sentencia que pronunció la suprimida audiencia territorial en 20 de Julio de 1896.

Por esa sentencia únicamente se declaró sin lugar el interdicto de retener la posesión promovido por Da. Agustina y Da. Josefa Giménez Sicardó, y se dejó sin efecto el requerimiento hecho á Don Juan Mollfulleda para que en lo sucesivo se abstuviera de inquietar ó perturbar á las demandantes en dicha posesión.

Dicha sentencia en su parte sustancial hubiera quedado cumplida con la sola notificación de la misma á las partes interesadas; y es extraño que no se haya entendido así, ordenándose y ejecutándose diligencias de posesión que dicha sentencia no ordenó, ni cabían dentro del objeto y alcance del interdicto de retener, el cual no admite reposición en una posesión de que nadie ha sido privado.

Empero, no es tan amplia la jurisdicción de este Tribunal que pueda enmendar errores cometidos por los Tribunales inferiores, cuando no se ha interpuesto para ello el recurso correspondiente, ó cuando dicho recurso se ha interpuesto fuera de tiempo.

El auto de 12 de Abril de 1899, en virtud del cual se dió posesión á Don Juan Mollfulleda de los terrenos objeto del interdicto, no ha venido á esta Corte en grado de apelación, y aún más, está pendiente de que se resuelva recurso de reposición contra el mismo interpuesto.

En cuanto al auto de 21 de Julio de 1903, que es el apelado, entendemos que por ese auto no pudo revocar la Corte de Distrito de San Juan el de 12 de Octubre de 1901, pues aunque ese último auto no fué notificado en forma á Da. Agustina Giménez y Sicardó, que es la que ha pedido reposición del mismo en 30 de Junio de 1903, consta que en el acta de posesión de los terrenos dada en dos de Diciembre de 1901 á Don Pascual Fernández, comisionado al objeto por Don Manuel Díaz Caneja, intervino Don An-

tonio Giménez Sicardó, que dijo ser representante de la sucesión de Don Manuel Giménez Córdova, de la que forma parte Da. Agustina, sin que ésta haya impugnado tal representación, y, por tanto, debe estimarse para los efectos legales que Da. Agustina tuvo conocimiento del auto de 12 de Octubre de 1901, al menos desde 2 de Diciembre del mismo año en que se dió cumplimiento á dicho auto.

Desde 2 de Diciembre de 1901 á 30 de Junio de 1903 transcurrieron cerca de un año y siete meses, y, por tanto, no cabía utilizar el recurso de reposición, para cuyo ejercicio sólo concede cinco días el artículo 376 de la Ley de Enjuiciamiento Civil antes vigente.

Si el artículo 1968 del Código Civil antiguo, que es el 1869 del Código reformado, ordena que la acción para recobrar ó retener la posesión prescriba por el transcurso de un año, lo cual sucede cuando la posesión es atacada por particulares, con mayor razón no puede alterarse un estado de derecho que ha creado una posesión conferida á virtud de resolución judicial, cuando esa resolución judicial es impugnada, no dentro del término de cinco días que la ley señala, sino después de transcurrido más de un año y medio de haberse dictado dicha resolución.

El auto, pues, de 12 de Octubre de 1901 era firme, y no pudo ser revocado por el apelado de 21 de Julio de 1903.

Hoy las partes podrán ejercitar los derechos de que se crean asistidos sobre propiedad ó posesión definitiva de los terrenos de que se trata en el juicio correspondiente, y no en otra forma.

Por las razones expuestas, procede se revoque el auto apelado de 21 de Julio de 1903, mandando se esté á lo dispuesto en el de 12 de Octubre de 1901, sin perjuicio de los derechos de que se crea asistida Da. Agustina Giménez Sicardó, sin especial condenación de costas.

*Revocado.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y Wolf.

El Juez Asociado Sr. MacLeary no intervino en la resolución de este caso.