# El Pueblo *v.* Córdova.

## Apelación procedente de la Corte de Distrito de San Juan.

No. 39.    Resuelto en noviembre 6, 1905.

Acusación.—Sus requisitos para que sea válida.—Los requisitos que señala el art. 82 del Código de Enjuiciamiento Criminal son los necesarios generalmente para la validéz y suficiencia de una acusación, la que sólo se declarará insuficiente si adoleciere de algún defecto ó imperfección que tienda á perjudicar los derechos del acusado con respecto á los méritos de la causa.

Id.—Seducción.—Las frases "*una jóven*" y "*una mujer soltera*" empleadas, la primera, en una acusación por seducción, en lugar de la última, que emplea el Código Penal, en su art. 261, al definir tal delito, son sinónimos, á los efectos de la validez y suficiencia de tal acusación.

Id.—Excepciones contra la acusación.—Apelación.—Las excepciones contra la acusación deberán formularse oportunamente ante la Corte inferior, y no ante el Tribunal Supremo en la apelación.

Id.—Pruebas.—Relación de hechos.—Pliego de excepciones.—No habiendo en la transcripción de autos pliego de excepciones, ni relación de hechos, no es posible considerar la prueba que se practicara en el juicio, siendo de presumir, en tales casos, que la prueba es suficiente para justificar el veredicto y la sentencia.

Id.—Corroboración del testimonio de la denunciante.—En los casos de seducción bajo promesa de matrimonio, perseguidos de acuerdo con el art. 261 del Código Penal, el acusado puede ser condenado por el solo testimonio de la mujer agraviada, sin que sea necesario que esté corroborado por ninguna otra prueba.

Id.—Carácter de la mujer agraviada.—Instrucciones de la Corte.—No comete error el Tribunal que en una causa por seducción instruye al jurado en el sentido de que ningún acto posterior de la mujer agraviada puede ser tomado en consideración para la resolución del asunto, y que su conducta posterior no tiene importancia alguna, pues en los casos de seducción es inmaterial el carácter que tenga la mujer agraviada con posterioridad á la comisión del delito.

Id.—Las instrucciones de la Corte al jurado habrán de presumirse correctas, si no existieran en la transcripción de autos los elementos necesarios para estimar lo contrario.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José L. Pesquera.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

No se encuentran en los autos ningún pliego de excepciones ni exposición de hechos. Por consiguiente, pueden reducirse el exâmen y la consideración de la presente causa.

En la acusación se alega que el acusado sedujo á la joven expresando el nombre de ésta. La ley define la persona cuya seducción está prohibida, como una mujer soltera. Código Penal, sección 261. El abogado del acusado, en su discusión de la causa y en la vista de la misma ante este Tribunal, alega éste como un motivo para la revocación de la sentencia.

No se llamó la atención del Tribunal sobre este punto mediante una objeción presentada contra la acusación, sino que dicho punto fué mencionado por primera vez en el informe oral pronunciado ante este Tribunal. En la acusación, se han llenado todos los requisitos expresados en la sección 82 del Código de Enjuiciamiento Criminal, que constituyen todos aquellos que ordinariamente son necesarios para la validez de la acusación; y según la sección 83, no puede tenerse por insuficiente tal acusación, á menos que el "defecto ó imperfección de formas tienda en lo esencial á perjudicar los derechos del acusado." Las palabras "una joven" y "una mujer soltera" son sinónimas para los fines del presente caso. La perjudicada es una joven y soltera. Si hubiese sido casada, el acusado hubiera podido probar tal hecho, y esto hubiese sido una perfecta defensa. La inexactitud de la acusación no le privaba de ningún derecho esencial. Es dudoso que una objeción presentada por el motivo indicado, hubiera sido sostenida, aún cuando hubiera sido presentada á su debido

tiempo; pero, ciertamente, semejante objeción viene demasiado tarde después de una declaración de culpabilidad pronunciada por un tribunal sentenciador, y una apelación interpuesta ante este Tribunal.

Se pretende, además, que la prueba presentada por el fiscal en el juicio, es insuficiente para justificar una declaración de culpabilidad. No conteniendo los autos ningún pliego de excepciones ni exposición de hechos, no es posible que este Tribunal conozca, ó esté enterado en debida forma, de la prueba, en que fué basada la declaración de culpabilidad. Siendo esto así, hay que presumir que el Tribunal sentenciador tuvo á la vista pruebas legales suficientes para justificar el veredicto de culpable, dado por el jurado, y el fallo declarando convicto al acusado, pronunciado por el tribunal. Pero si examinamos los autos más detenidamente, encontraremos que la objeción del abogado á la insuficiencia de las pruebas está basada en la idea de que el testimonio de la perjudicada, considerado en sí, sin corroboración, no es suficiente para justificar una declaración de culpabilidad; y en apoyo de esta proposición, se hace referencia á la sección 250 del Código de Enjuiciamiento Criminal de Puerto Rico, que exige en ciertos casos que el testimonio de la testigo denunciante sea corroborado. Esta sección del Código de Enjuiciamiento Criminal á que se ha hecho referencia anteriormente, es idéntica á la sección 1108 del Código Penal de California, y ninguna de ellas se refiere al delito de seducción; éste se define en la sección 261 del Código Penal de Puerto Rico, y la 268 del Código Penal de California, cuyas secciones son idénticas.

El testimonio no corroborado de la mujer perjudicada en un proceso por seducción, es suficiente para declarar culpable al acusado, si el jurado cree que dicho testimonio es cierto. Así se ha declarado en la causa de *The People* v. *Wade,* 118 California 672. Precisamente esta misma cues-

tión fué presentada ante este Tribunal, en la causa de *El Pueblo de Puerto Rico* contra *Angel Santos y Santos,* que fué fallada por nosotros en 23 de abril último. Dicha causa fué discutida detenidamente, y se citaron amplia y debidamente las autoridades. Si los abogados hubiesen examinado esta última causa, el fallo pronunciado en la misma, ciertamente hubiese resuelto la cuestión presentada ante este Tribunal.

El letrado defensor del reo, también pretende en su alegato é informe oral, que el Tribunal sentenciador incurrió en error en las instrucciones que dió al jurado. Las palabras de que se queja son las siguientes:

"Es el deber de la Corte, manifestaros que ningún acto posterior absolutamente puede tomarse en cuenta, para la resolución de este caso. Nada importa la conducta seguida después por la perjudicada."

Sin duda, el tribunal sentenciador, al dar estas instrucciones al jurado, hizo referencia á la reputación de mujer casta que había gozado anteriormente la perjudicada; y se ha declarado en California, que es propio limitar la consideración de la reputación de mujer casta gozada anteriormente por la testigo denunciante, al tiempo anterior á su seducción. Para los fines del proceso por seducción, la reputación de la mujer después de la fecha de su seducción no es esencial para el caso. Esto ha sido claramente resuelto por el Tribunal Supremo de California, en la causa de *The People* v. *Wade,* mencionada anteriormente, y también en la de *The People* v. *Kehoe,* 123 California 224.

Las instrucciones pudieran haber sido más claras con respecto á este punto; pero no cabe duda alguna de que, al considerarlas en relación con las pruebas que tenían á la vista el tribunal y el jurado, eran suficientemente claras para todos los fines prácticos, y que no dieron al jurado una idea errónea en ningún respecto.

Pero como estas instrucciones se refieren á la prueba practicada en el acto del juicio y no hay nada que demuestre á este tribunal cuál fué esa prueba, no podemos decir que dichas instrucciones eran erróneas, aún cuando así se dedujera de ellas mismas. Según todo aquello que consta en los autos, eran por cierto perfectamente própias y correctas. La presunción está á favor de la corrección de las instrucciones dadas por el tribunal, en un caso como el presente; y el acusado que alegue su incorrección, está en el deber de exponerla claramente á este Tribunal de Apelación.

No habiendo en los autos nada que justifique la revocación de la sentencia dictada en esta causa, debe confirmarse dicha sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.