El Pueblo de Puerto Rico, demandante y apelado, *v.*
Emilio Vadi, acusado y apelante.

No. 2429.—*Visto:* Mayo 21, 1925. *Resuelto:* Julio 10, 1925.

1. Armas — Estatuto Prohibiendo Portar Armas — Constitucionalidad del Mismo.—Alegada la nulidad de la Ley No. 14 de 1924 (p. 115) porque la Legislatura en vez de enmendar la Ley aprobó una enteramente nueva, *se resolvió:* que el cambio en la definición de arma prohibida efectuado por dicha ley está dentro del poder de enmendar de la Legislatura y dentro de la convocatoria del Gobernador para enmendar.

2. Armas — Estatuto Prohibiendo Portar Armas — Constitucionalidad del Mismo.—Se atacó la constitucionalidad de la Ley No. 14 de 1924 (p. 115) por ser la definición del delito en ella contenida vaga e incierta y no especificar claramente qué armas son las prohibidas. *Se resolvió:* que los artículos 1 y 5 de dicha ley indican terminantemente la naturaleza de las armas o instrumentos prohibidos por la misma y no es, por tanto, anticonstitucional.

Sentencia de *Gabriel Castejón,* J. (Guayama), condenando al acusado por delito de portar armas prohibidas. *Confirmada.*

*Adolfo Porrata Doria,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El apelante fué declarado culpable de portar sobre su persona para fines de ofensa y de defensa, un revólver, que era un arma capaz de causar la muerte o grave daño corporal.

El acusado fué procesado por virtud de la Ley No. 14, aprobada por la Asamblea Legislativa de Puerto Rico en 25 de junio de 1924 (p. 115). El apelante señala como error que la referida ley es nula, toda vez que fué convocada una sesión extraordinaria de la Legislatura con el fin de hacer enmiendas a la ley de portar armas, y que dicha Legislatura en vez de meramente enmendar la ley aprobó una enteramente nueva.

[1] Aunque en la indicada ley la definición de arma prohibida ha sido cambiada completamente, creemos, sin embargo, que la definición modificada estaba dentro del poder de enmendar que tiene la Legislatura como se define lo que es una enmienda en el tomo 2 de Corpus Juris, página 1316.

De ahí que el cambio estaba dentro de la convocatoria del Gobernador para hacer una enmienda a la ley. Nos inclinamos a convenir con el fiscal en que la discusión de este alegado error desaparece dentro de la discusión de la alegada anticonstitucionalidad de la ley en cuestión, la cual discute el acusado en sus demás señalamientos de error.

[2] La objeción principal del acusado es que la Ley No. 14, *supra,* es anticonstitucional, toda vez que la definición en ella contenida es vaga, indefinida e incierta; que la expresada ley no especifica de una manera clara y terminante qué armas son las que están prohibidas. Como parte de esta objeción sostiene también el apelante que la facultad de determinar lo que es, o nó, un arma prohibida, queda en gran parte al arbitrio del juez que conoce del caso. El artículo 1 de la Ley No. 14, *supra,* dice: ''Toda persona que ilegalmente portare o condujere, cualquier arma o instrumento con el cual pueda causarse daño corporal, incurrirá en pena de prisión de un mes a seis meses.'' El artículo 5 de la ley prescribe lo siguiente:

''Las disposiciones de esta Ley no serán aplicables—

''1. A la portación de los útiles, herramientas e instrumentos de las artes, profesiones, oficios y ocupaciones o deportes cuando se portaren con motivo u ocasión de los mismos;

''2. A la portación de bastones de uso corriente, siempre que no contengan estoque u otra de las armas prohibidas por esta Ley;

''3. A la portación de cortaplumas o cuchillas plegadizas de bolsillo, cuyas hojas no excedan de tres pulgadas de largo;

''4. A la portación de armas de caza cuando se usaren para este fin, por personas con licencia para ello; *Disponiéndose,* que las licencias para cazar continuarán concediéndose de acuerdo con la ley especial en la materia;

''5. A la portación de armas dentro de la propia casa o finca.

''6. A la portación por inválidos o lisiados, de muletas, bastones u otros útiles semejantes exigidos por su estado corporal.''

Examinando las palabras contenidas en el artículo 1, es evidente que la palabra ''arma'' significa un instrumento o algo que puede usarse con fines de ofensa y de defensa. Si

el estatuto hubiera meramente usado la palabra "instrumento," sin más tentativa por clasificar la naturaleza de la cosa prohibida, tal vez habría fuerza en la contención del apelante de que la definición carece de certeza. Cada uno, sin embargo, sabe lo que significa un arma. Queda poco al juez más que decir si la cosa en particular usada es un arma, o un instrumento semejante a un arma, con el cual puede causarse daño corporal. Cada uno también sabe que un arma se usa para fines de ofensa y defensa. La corte sólo necesita decir en un caso particular si la cosa usada cae dentro de la definición de la palabra "arma," o es un instrumento semejantemente usado. Véase el caso del *Pueblo v. Cruz Rosado,* (pág. 315).

Además, la definición del artículo 1 se complementa con el artículo 5 *supra.* Dicho artículo indica más terminantemente la naturaleza de las armas o instrumentos prohibidos. Por tanto, creemos que es innecesario analizar la jurisprudencia citada por el apelante al efecto de que un estatuto penal que no contiene una definición suficiente de un delito es anticonstitucional y nulo.

*Debe confirmarse la sentencia.*