El Pueblo de Puerto Rico, demandante y apelado, *v.* Cándido Díaz, acusado y apelante.

No. 2778.—*Visto:* Junio 15, 1926.  *Resuelto:* Julio 6, 1926.

1. ARMAS — ESTATUTO PROHIBIENDO PORTAR ARMAS — CONSTITUCIONALIDAD DEL MISMO.—La Ley No. 24 de 1924 (p.) 115) no es inconstitucional.
2. ARMAS—ARMAS PROHIBIDAS—PROCESO Y CASTIGO—DENUNCIA—SUFICIENCIA DE LA MISMA.—Las palabras "portar" o "conducir" usada en denuncia—por portar armas—en forma disyuntiva, como son sinónimas, imputan un solo delito.
3. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES A LAS DENUNCIAS—DELITO IMPUTADO EN FORMA DISYUNTIVA.—Una denuncia —por armas prohibidas—que imputa el delito en forma disyuntiva, es correcta cuando el defecto de que adolece no se levanta en la corte inferior.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de portar armas.  *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] El error señalado con respecto a la constitucionali-

dad de la Ley No. 24 de 1924, prohibiendo el portar cierta clase de armas, queda resuelto por las decisiones de esta corte en los casos de *El Pueblo* v. *Vadi,* 34 D.P.R. 462, *El Pueblo* v. *Cruz Rosado,* 34 D.P.R. 315, y *El Pueblo* v. *Acevedo,* 34 D.P.R. 460.

[2] En el siguiente señalamiento se alega en efecto que la denuncia es defectuosa, en vista de que se imputa al acusado en forma disyuntiva que portaba o conducía un arma. Convenimos con el fiscal en que las palabras son sinónimas e imputan un solo delito.

[3] Además, a lo sumo, la denuncia sería doble y ese es un defecto de forma. Defectos de forma y otros similares deben ser levantados no por medio de una excepción perentoria, sino mediante una moción para sobreseer, u otra similar, y generalmente tal moción debe presentarse antes del juicio. *El Pueblo* v. *Córdova,* 9 D.P.R. 344; *El Pueblo* v. *Ortiz,* 9 D.P.R. 140; *El Pueblo* v. *Cintrón,* 26 D.P.R. 246; *El Pueblo* v. *París,* 25 D.P.R. 111; *El Pueblo* v. *Moreno,* 28 D.P.R. 104; *El Pueblo* v. *Rosaly,* 28 D.P.R. 474, y *El Pueblo* v. *Echavarry et al.,* 28 D.P.R. 6. En cada uno de los dos casos mencionados últimamente el delito fué expuesto en forma disyuntiva, pero la corte resolvió que la información o denuncia era correcta, en vista de que el defecto no fué levantado en la corte inferior.

El señalamiento de error restante se refiere a la prueba. Un testigo de descargo dijo que, mientras otros dos hombres reñían, el acusado sacó un revólver de un automóvil y lo llevó a un pequeño restaurant para guardarlo. El revólver no estaba cargado, pero podía cargarse prontamente y ser usado, según la declaración del testigo de El Pueblo, un policía. Este último dijo que mientras dos hombres estaban peleando el acusado sacó un revólver y cuando vió al policía llevó el revólver al restaurant y lo guardó allí. Hay un conflicto en la prueba, que no creemos fué erróneamente apreciada por la corte.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino en la resolución de este caso.