EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN ABOY, JR., acusado y apelante.

No. 3277.—*Resuelto:* Junio 11, 1928.

*Feliú & La Costa,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una moción solicitando la concesión de un recurso de error para ante la Corte de Circuito de Apelaciones. El acusado y apelante fué sentenciado en la Corte de Distrito de San Juan por el delito de portar armas prohibidas. Esa sentencia fué confirmada por esta corte el 26

de abril de 1928. El 5 de mayo de 1928 el acusado y apelante, acompañándola con el correspondiente señalamiento de error, radicó una moción solicitando se le concediera un recurso de error. Dicha moción fué declarada sin lugar el 7 de mayo de 1928, por el fundamento de que no se levantaba cuestión alguna que autorizara el recurso. Tres días después el apelante radicó una moción solicitando permiso para radicar un señalamiento de errores enmendado. El señalamiento de errores enmendado se acompañó a dicha moción. Ahora por primera vez, y según revelan los autos, sin haber levantado cuestión constitucional alguna en la corte de distrito o ante este tribunal, el apelante ha presentado el siguiente señalamiento de error:

"Que ese Hon. Tribunal erró al confirmar la sentencia de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, condenando al demandante en el recurso de error por el delito de portar armas prohibidas, ya que dicha Ley de Portar Armas es nula, por contravenir y violar el párrafo 1º del artículo 2 de la Carta Orgánica de Puerto Rico, aprobada por el Congreso de los Estados Unidos el 2 de marzo de 1917, infringiendo dicha ley tanto las disposiciones relativas al debido procedimiento de ley, como las referentes a la igual protección de las leyes.''

La Ley Jurisdiccional del Congreso, que empezó a regir el 13 de mayo de 1925, dispone que proceden recursos de apelación o de error contra las sentencias finales para ante la Corte de Circuito de Apelaciones "en todos aquellos casos, civiles o criminales, en que estén envueltos la Constitución, un estatuto o tratado de los Estados Unidos, o cualquier autoridad ejercida de conformidad con los mismos.'' Este es el supuesto derecho invocado para solicitar que se admita la apelación o el recurso de error.

Hemos considerado este caso como si procediera un recurso de error o una apelación para ante la Corte de Circuito de Apelaciones, pero según tenemos entendido, el 31 de enero de 1928 lo siguiente fué estatuido por el Congreso de los Estados Unidos:

"Decrétase por el Senado y Cámara de Representantes de los Estados Unidos de América, reunidos en Congreso, · Que el recurso de error en todos los casos, tanto civiles como criminales, queda abolido. Todo remedio que hasta ahora podía obtenerse mediante un recurso de error, será obtenible por virtud del recurso de apelación.''

Según fué aprobada la ley originalmente contenía una sección designada con el número 2. Esta fué enmendada el 26 de abril de 1928, de manera que lee como sigue:

"Los estatutos que regulan el derecho a establecer un recurso de error, que definen el remedio que puede obtenerse mediante el mismo, y que prescriben la forma de ejercer ese derecho y de invocar ese remedio, incluyendo las disposiciones relativas a costas, *supersedeas*, y mandatos, serán aplicables a la apelación que de acuerdo con la anterior sección sustituye al recurso de error.''

De todos modos, parece que en la actualidad solamente se permite el recurso de apelación, cuya concesión debe solicitarse primeramente en esta corte.

██ Tenemos la idea de que la ley es que toda cuestión constitucional debe ser levantada en las cortes inferiores, pero la ley actual no lo dice así, aunque aparentemente tal era la práctica de acuerdo con la sección 246 del Código Judicial que regulaba los recursos de error y de apelación para ante la Corte Suprema de los Estados Unidos. Véase la decisión en forma de resolución emitida por el Juez Asociado Sr. Franco Soto en el caso de *El Pueblo* v. *Juan de Gracia*, el 13 de agosto de 1923, decisión que fué rendida durante el período de vacaciones, después de haber consultado con el tribunal en pleno antes de declararse en receso. Véase también 25 C. J. 948, *et seq*. Sin embargo, basaremos nuestra decisión en otro fundamento. La sección 246 del Código Judicial que permite las apelaciones para ante la Corte Suprema de los Estados Unidos fué derogada por la citada Ley Jurisdiccional de 1925.

En lo que respecta a nuestra Carta Orgánica, la constitucionalidad de la Ley No. 14 del 25 de junio de 1924, sesión extraordinaria, leyes de ese año, páginas 115 *et seq.*, ha sido

atacada frecuentemente. Algunos de los casos en que se trató esta cuestión son: *El Pueblo* v. *Vadi,* 34 D.P.R. 462; *El Pueblo* v. *Rodríguez,* 35 D.P.R. 277; y *El Pueblo* v. *Díaz,* 35 D.P.R. 634. Finalmente, la ley fué atacada por varios fundamentos constitucionales en el caso de *El Pueblo* v. *Díaz Cintrón,* 36 D.P.R. 571, que fueron resueltos en forma adversa al acusado. La sentencia de este tribunal en dicho caso fué apelada para ante la Corte de Circuito de Apelaciones, y se presentó un señalamiento de errores que contenía varios motivos de anticonstitucionalidad. En la Corte de Circuito de Apelaciones, según se desprende de la opinión de dicha corte, se abandonaron todos los fundamentos de la apelación excepto uno, o sea, si la Corte de Distrito de Ponce había sido reorganizada en forma tal que el apelante no dejaba de ser un juez de la misma, y que por tanto, tenía derecho a portar armas. *Díaz* v. *People of Porto Rico,* 24 Fed. (2d.) 957. La Corte de Circuito de Apelaciones tuvo ante sí la ley, y no declaró que fuera anticonstitucional, y seguramente los letrados que intervinieron en dicho caso tampoco hallaron que lo fuera. Por tanto, por el presente llegamos a la conclusión de que la apelación es frívola. Véase la resolución del Juez Asociado Sr. Franco Soto, *supra.*

No solamente encontramos que la apelación es frívola porque la Ley No. 25 de 1924 se ha convertido, en el sentido constitucional, en una ley autoritativa, sino que el señalamiento de errores substancialmente deja de llamar la atención de este tribunal o de la Corte de Circuito de Apelaciones a razón alguna por qué dicha ley debe ser declarada anticonstitucional. No es suficiente decir en forma general que la ley es contraria a la Carta Orgánica o algo parecido, sino que es necesaria una especificación mayor.

También tenemos algunas dudas respecto a si después de nuestra negativa a conceder un recurso de error tenemos poder o autoridad para permitir una enmienda, espe-

cialmente cuando no se ha presentado una moción solicitando se reconsidere nuestra resolución anterior.

*Debe declararse sin lugar la moción.*