EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL VELASCO, acusado y apelante.

No. 3060.—*Visto:* Febrero 10, 1927. *Resuelto:* Febrero 18, 1927.

1. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—APELACIÓN—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES—OBJECIONES AL "INDICTMENT" O ACUSACIÓN.—A falta de oportuna objeción en la corte inferior y de autoridad en contrario, la acusación que, sin especificar la especie de arma, imputa el acto de portar un arma de fuego que se alega ser un instrumento que puede producir daño corporal, imputa un delito y es suficiente.

2. ARMAS — ESTATUTOS PROHIBIENDO PORTAR ARMAS — CONSTITUCIONALIDAD DEL MISMO.—Alegada la anticonstitucionalidad de la Ley de Portar Armas Prohibidas (No. 14 de 1924, p. 115) por ser vaga e indecisa la definición del delito que la misma contiene, *se resolvió* dicha ley era constitucional.

SENTENCIA de *R. H. Todd, Jr.,* J. (Ponce), condenando al acusado por delito de Portar Armas Prohibidas. *Confirmada.*

*M. Bahamonde* y *Felipe Colón,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

[1] El acusado fué convicto del delito de portar armas

prohibidas, y alega que los hechos alegados en la denuncia no constituyen un delito público.

La denuncia imputa el acto de portar un arma de fuego, que se alega ser un instrumento que puede producir daño corporal.

El apelante, en apoyo de su contención, cita dos casos en que este tribunal ha resuelto que en una denuncia por el delito de hurto se deben describir los objetos sustraídos; también cita 31 C. J. 712, sección 264; *United States* v. *Hess,* 124 U. S. 483, al efecto de que cuando la definición del delito se hace en términos genéricos, la denuncia debe especificar la especie; 31 C. J. 731, sección 275, en que se dice que "la descripción debe ser tal que identifique el delito cometido, que informe al acusado de la naturaleza del mismo, y a la corte de la sentencia que debe dictarse y si se debe o no declarar con lugar la alegación del acusado de haber sido expuesto anteriormente por el mismo delito" (*former jeopardy*); *Commonwealth* v. *Johnson,* 13 Pa. Co. 543, que resuelve que "una acusación que imputa al acusado el destruir 'un aviso de un comisario-policía anunciando la venta "de cierta propiedad" es demasiado indefinida y dudosa';" y *State* v. *Schwartz,* 25 Texas 764, para demostrar que "una acusación imputando la venta de un esclavo sin el consentimiento de su dueño, en que no se alega ni el nombre del esclavo ni el del dueño, es insuficiente."

El fiscal en contestación transcribe la definición del diccionario del término "arma de fuego" y dice que, en su opinión, la denuncia es suficiente.

Si en el presente caso la denuncia hubiera dicho meramente, siguiendo la letra de la ley, que el acusado portaba un instrumento que podía producir daño corporal, entonces, de acuerdo con el principio general expuesto en el texto citado por el apelante, procedería la revocación. Pero es que la denuncia en este caso especifica que el acusado portaba un arma de fuego, y es una cuestión elemental de derecho

que las alegaciones informales o imperfectas de hechos esenciales en una acusación deben ser atacadas mediante · moción para anular o por excepción perentoria, y que se renuncia a ello haciendo cualquier alegación sobre los méritos del caso o entrando en juicio.   31 C. J. 874, sección 536.   ·

A falta de la oportuna objeción en la corte inferior y de algo más definido por vía de autoridad en apoyo de una resolución en contrario, estamos obligados a resolver que la acusación imputa un delito.

[2] También se sugiere que la ley prohibiendo portar armas es anticonstitucional por ser muy vaga e indecisa la definición que la misma contiene, pero esta cuestión fué resuelta en forma adversa al acusado en el caso de *El Pueblo* v. *Vadi,* 34 D.P.R. 462, y no hallamos nada en el alegato del apelante que justifique la reconsideración de la conclusión a que se llegó en dicho caso.   ·

*Debe confirmarse la sentencia apelada.*