El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Piris, acusado y apelante.

No. 3090.—*Visto:* Marzo 18, 1927. *Resuelto:* Marzo 25, 1927.

1. Armas — Estatuto Prohibiendo Portar Armas — Constitucionalidad del Mismo.—Atacada como inconstitucional la Ley No. 14 de 1924 (p. 115) por el fundamento de ser vaga e incierta la definición del delito en ella contenido, se resolvió que dicha ley es constitucional.

2. Armas—Portar Armas Prohibidas—Proceso y Castigo—Acusación o Denuncia—Naturaleza del Arma.—En acusación en que se alegue que se portaba un arma de fuego "que es un instrumento con el cual puede causarse daño corporal" la ausencia de una indicación más definida respecto a la naturaleza del arma en cuestión, no es un defecto fatal.

3. "Indictment" y Acusación—Renuncia de Defectos y Objeciones, y Subsanación por Veredicto—Renuncia de Defectos y Objeciones al "Indictment", Acusación o Denuncia—En General.—Cuando después de la lectura de la acusación *(arraignment)* el acusado hace alegación de inocente y posteriormente, en la vista del caso, y ya llamado éste para juicio, el acusado presenta excepción perentoria contra la acusación por un alegado defecto que no es fatal a aquélla, la corte inferior está justificada en desestimar dicha excepción.

Sentencia de *Roberto H. Todd, Jr.,* J. (Ponce), condenando al acusado por delito de Portar Armas Prohibidas. *Confirmada.*

*Felipe Colón, R. V. Pérez Marchand, M. Bahamonde, L. Tormes, R. Martínez Nadal,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El apelante fué convicto del delito de portar armas y alega: primero, que la corte inferior cometió error al desestimar la moción del acusado interesando el sobreseimiento de la acusación; segundo, que la corte cometió error al des-

estimar la excepción .perentoria formulada; tercero, que la sentencia es contraria a las pruebas; cuarto, que la sentencia es contraria a derecho.

[1] La moción solicitando el sobreseimiento del caso atacaba la constitucionalidad de la ley por ser vaga e incierta, y la primera cuestión levantada por el apelante fué resuelta adversamente a la teoría envuelta por él en esta apelación, en el caso de *El Pueblo* v. *Vadi,* 34 D.P.R. 462.

[2] La excepción perentoria fué presentada después de haberse llamado el caso para juicio, por el fundamento de que la acusación no imputaba delito alguno. En la acusación se alegaba que el acusado portaba un arma de fuego, que es ''un instrumento con el cual puede causarse daño corporal.'' La contención era que en ausencia de una indicación más definida respecto a la naturaleza del arma en cuestión, no se informaba suficientemente al acusado si el arma de fuego mencionada era o no una de las prohibidas y dentro del espíritu de la ley, según ha sido interpretada por esta corte. El fiscal manifestó que ésta era cuestión de prueba y manifestó que la prueba demostraría si el arma portada por el acusado era o no una ''pistola o un revólver.'' Que el arma portada por el acusado, si es que en realidad portaba un arma, era una pistola o un revólver, es un hecho incontrovertido. El acusado presentó la defensa de coartada.

[3] El acusado estaba representado por abogado al tiempo de leérsele la acusación, y por tres abogados el día de la vista del caso. Al leérsele la acusación y después de declararse sin lugar la moción de sobreseimiento, el acusado hizo la alegación de inocente. Transcurrieron tres semanas entre el día de la lectura de la acusación y la vista del caso. La omisión de que se queja el apelante no era un defecto fatal y tomando todo esto en consideración, la corte inferior estuvo justificada al desestimar la excepción perentoria por haber sido presentada demasiado tarde. Véanse los

casos de *El Pueblo* v. *Velasco, ante,* p. 273, y *El Pueblo* v. *París,* 25 D.P.R. 111.

Un examen cuidadoso de toda la prueba no demuestra suficiente fundamento para una revocación, por lo que *la sentencia apelada debe ser confirmada.*