EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARCOS JIMÉNEZ, acusado y apelante.

No. 3221.—*Visto:* Noviembre 29, 1927. *Resuelto:* Diciembre 13, 1927.

"INDICTMENT" Y ACUSACIÓN—RENUNCIA DE DEFECTOS Y OBJECIONES Y SUBSANACIÓN POR VEREDICTO—RENUNCIA DE DEFECTOS Y OBJECIONES AL "INDICTMENT", ACUSACIÓN O DENUNCIA—EN GENERAL.—Cuando en el acto de la lectura de la acusación (*arraignment*) el acusado no levanta cuestión alguna sobre los defectos de forma de que adolece la acusación ni anuncia su intención de así hacerlo antes de que se señale el caso para vista, y llamado el caso a juicio presenta excepción perentoria a la acusación, en ausencia en los autos de algo que indique que dicha excepción se presentó antes del juicio, o de autoridad en contrario, la actuación de la corte inferior al desestimar dicha excepción no es tal que dé lugar a una revocación.

SENTENCIA de *Roberto H. Todd Jr.,* (Ponce) condenando al acusado por delito de portar armas. *Confirmada.*

*R. Martínez Nadal* y *L. Tormes,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Marcos Jiménez fué convicto del delito de portar armas, mediante una acusación que especificaba un arma de fuego que según se alegaba era un instrumento con el cual se podía producir daño corporal.

La acusación parece haber sido radicada el 2 de febrero de 1927.

En febrero 15 la corte de distrito, en virtud de moción presentada por el abogado del acusado, dejó sin efecto una resolución anterior ordenando el arresto del acusado y exigiendo a los fiadores que mostraran causa por la cual no debía decretarse la confiscación de la fianza. Entonces se procedió a la lectura de la acusación; el acusado hizo la alegación de no culpable y al hacerse entrega de una copia de la acusación la corte anunció que se señalaría el caso para vista.

En aquel momento el acusado pasó por alto o hizo caso omiso deliberadamente de una oportunidad excelente para levantar cualquier cuestión de defectos de forma en la acusación, o por lo menos de anunciar la intención de levantar tal cuestión y pedir que el caso no se señalara para vista hasta que tal cuestión preliminar fuese resuelta. El caso fué llamado para juicio en marzo 2 y el acusado entonces anunció que tenía que presentar una excepción perentoria a la acusación por el fundamento de que los hechos según estaban alegados no constituían delito público y sometió la cuestión a la corte sin hacer ningún otro comentario y sin argumentarla.

La corte inmediatamente declaró sin lugar la excepción perentoria fundándose en el caso de *El Pueblo* v. *Velasco,* 36 D.P.R. 273, y al hacerlo así citó el siguiente pasaje de la opinión de dicho caso: "A falta de la oportuna objeción y de algo más definido por vía de autoridad en apoyo de una resolución en contrario, estamos obligados a resolver que la acusación imputa un delito."

El acusado se conformó con anotar una excepción a esta resolución de la corte sin especificar fundamento alguno

para la misma ni tratar de distinguir en forma alguna el presente caso del de *Velasco* a que hizo referencia el juez de distrito.

El apelante ahora se queja de que la corte cometió error al declarar sin lugar una moción solicitando el sobreseimiento de la acusación por el fundamento de que los hechos en la forma en que estaban alegados no demostraban la comisión de ningún delito por parte del acusado y de que la Ley No. 14 es inconstitucional.

La moción de referencia está fechada el 2 de marzo de 1927. No tiene sello o marca alguna de radicación. Nada hay que indique si el caso fué llamado para vista en la mañana o en la tarde de dicho día, ni si la moción fué radicada en el momento de celebrarse la vista del caso o antes. En uno u otro caso nada hay que indique que se llamara la atención de la corte en momento alguno hacia el hecho de que había la intención de atacar la constitucionalidad de la ley. Tampoco, como ya hemos dicho, hubo indicación alguna de que quizá se podía hacer una distinción entre el presente caso y el caso citado por la corte en apoyo de su resolución. Los casos de *El Pueblo* v. *Velasco, supra,* y *El Pueblo* v. *París,* 25 D.P.R. 111, fueron citados y seguidos en el de *El Pueblo* v. *Piris,* 36 D.P.R. 494, caso este último que fué resuelto unas tres semanas después de ocurrido el incidente que ahora discutimos.

Por el mismo principio en que se basó la decisión en los tres casos que acabamos de mencionar y admitiendo para los fines de la argumentación que la corte inferior realmente declaró sin lugar la moción solicitando el sobreseimiento de la acusación, según sugiere ahora el apelante, no hallamos en tal actuación error alguno que dé lugar a una revocación.

No obstante, no entendemos por qué un fiscal deba insistir en ocultar del acusado en una causa criminal la clase de arma de fuego que tiene que identificarse y ofrecerse como prueba durante el juicio como el arma a que se hace

referencia en la acusación.  Si el fin de tal insistencia es obtener eventualmente una resolución definitiva por esta corte sobre una cuestión, desde el punto de vista del fiscal, trivial y técnica, más o menos dudosa, bien·por mera curiosidad o por cualquiera otra razón, nos gustaría tener alguna cita de autoridades en apoyo de la forma de alegación (*pleading*) que parece haberse adoptado y seguido uniformemente en casos de esta índole en la Corte de Distrito de Ponce.

Con referencia a la otra contención del apelante, o sea que la sentencia es contraria a la prueba y a derecho, basta decir que hemos examinado las notas taquigráficas a la luz del argumento contenido en el alegato del apelante y no hemos hallado fundamento suficiente para revocar la sentencia.

*Debe confirmarse·la sentencia apelada.*