EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN BAUTISTA NIEVES, acusado y apelante.

No. 3345.—*Visto:* Enero 20, 1928. *Resuelto:* Enero 24, 1928.

"INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN— MAYOR ESPECIFICACIÓN DE PARTICULARES—DEL DERECHO EN GENERAL.— Cuando se imputa la portación de un arma de fuego y el acusado, al leérsele la acusación, solicita que ésta sea más específica en cuanto a la clase de arma usada, él tiene derecho a que la acusación exprese la clase de arma de fuego que portaba.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de portar armas. *Revocada* y devuelto el caso.

*Guillermo Pierluisi* y *R. Atiles Moreu,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En la acusación formulada en este caso contra el apelante se le imputó que portaba un arma de fuego con la cual podía causarse daño corporal. Al ser leída esa acusación al apelante ante la corte inferior solicitó de ella que ordenara que la acusación fuera hecha más específicamente pero tal petición le fué negada, y ahora alega en su apelación contra la sentencia que lo condena por el expresado delito que tal negativa es errónea.

En el caso de *El Pueblo* v. *Velasco,* 36 D.P.R. 273, dijimos que imputando la denuncia que el acusado portaba un arma de fuego, es elemental que alegaciones informales o imperfectas de hechos esenciales en una acusación deben ser atacadas mediante moción para anular o por excepción perentoria, a la que se renuncia haciendo cualquier alegación sobre los méritos del caso o entrando en juicio, y que a falta de una oportuna objeción en la corte inferior estamos obligados a resolver que la acusación imputa un delito.

En el caso de *El Pueblo* v. *Jiménez*, 37 D.P.R. 488, la acusación le imputó que portaba un arma de fuego, que era un instrumento con el cual se podía producir grave daño corporal. La corte de distrito dejó sin efecto una orden de arresto y de comparecencia de los fiadores para confiscarles su fianza y entonces se procedió a la lectura de la acusación; alegó el acusado ser inocente y anunció la corte que señalaría día para el juicio; y se dijo por esta corte que en aquel momento el acusado pasó por alto o hizo caso omiso deliberadamente de una oportunidad excelente para levantar cualquier cuestión por defectos de forma en la acusación, o por lo menos de anunciar su intención de levantar tal cuestión y pedir que el caso no se señalara para vista hasta que tal cuestión preliminar fuera resuelta. El acusado anunció al comenzar el juicio el día señalado para él que tenía que presentar una excepción perentoria a la acusación porque los hechos en ella expuestos no constituían delito público, la que fué declarada sin lugar, pero por los motivos del caso de *Velasco, supra,* y los de *El Pueblo* v. *París,* 25 D.P.R. 111, y *El Pueblo* v. *Piris,* 36 D.P.R. 494, nos negamos a revocar la sentencia por haber sido presentada tardíamente dicha excepción.

Este caso se distingue de los que hemos citado porque el apelante solicitó al serle leída la acusación y no en el juicio que la acusación fuera más específica y en tales condiciones hizo su solicitud oportunamente y tiene derecho a que la acusación exprese la clase de arma de fuego que portaba, por cuyo motivo *debemos revocar la sentencia apelada y devolver el caso para ulteriores procedimientos.*