EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO GONZÁLEZ, acusado y apelante.

No. 3695.—*Sometido:* Marzo 8, 1929. *Resuelto:* Marzo 25, 1929.

*A. Reyes Delgado,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El acusado Antonio González, apela ante este tribunal, de una sentencia de la Corte de Distrito de Arecibo, por la que se le condenó a sufrir tres meses de prisión en la cárcel del distrito, como culpable de un delito de portar armas.

Como primer error señala el apelante el que la corte se negó a eliminar de los autos una moción del fiscal, que aquí

aparece copiada en el récord, páginas tres a cinco. Se trata de lo siguiente: El juicio en el caso se había señalado para una fecha; el acusado pidió y obtuvo, la suspensión, sin notificar al fiscal; y éste en su moción a la corte solicitó que se hiciera un señalamiento perentorio para el juicio. Todo esto sería justificable. Pero el fiscal, innecesariamente y sin razonable motivo, fundó su moción en hechos extraños a la causa, y en comentarios y deducciones que no tenía para qué hacer. En uno de los párrafos dice:

"Que el acusado Antonio González estaba ese día en el lugar del suceso y no hizo nada para evitar la agresión de su hermano a Julio Rivera, y por el contrario trató de obstaculizar la acción del agente de Policía Insular que imponía el orden acometiéndole y agrediéndole con los puños por cuyo hecho está pendiente de un proceso de acometimiento y agresión grave."

El acusado pidió se eliminase la moción, porque, aun no estando presentada como evidencia, actúa como tal, y sería prueba impertinente, y porque innecesariamente influye la mente del juez. La corte ordenó la eliminación del párrafo quinto o sea el que hemos transcrito, y declaró que para nada influirían los hechos relatados en el ánimo del juzgador. La resolución fué correcta, aunque prácticamente pudiera eliminarse la moción entera.

No creemos que lo relatado en la moción, como ésta quedó después de la eliminación, tenga la más pequeña influencia en el espíritu de un juez de derecho, que, por otra parte, según del récord se ve, actuó con perfecta ecuanimidad y discreción en el juicio. En este sentido no podemos declarar la existencia del error señalado.

El acusado presentó excepción a la acusación, o denuncia, por no aducir hechos bastantes para constituir delito público, y ser ambigua, incierta e ininteligible. La corte declaró que la denuncia no era específica, porque no señalaba claramente el arma que llevaba el acusado; y sostuvo la excepción. Entonces el fiscal solicitó de la corte

que se entendiera eliminada la palabra "pistola," de la denuncia; a lo que se opuso la defensa, por entender que declarada con lugar la excepción previa esto traía como consecuencia un sobreseimiento y archivo del caso, y ello impide, en un *misdemeanor,* que se formule nueva acusación. Y argumentado el punto por las partes, la corte resolvió no haber lugar a ordenar el sobreseimiento y archivo. Y éste es el motivo del segundo señalamiento de error.

La denuncia original era así:

"Que en 19 de febrero de 1928, 1 A.M., y en el barrio de Río Abajo, de Utuado, P. R., del Distrito Judicial Municipal de Utuado, P. R., que forma parte del Distrito Judicial de Arecibo, P. R., el acusado Antonio González, de manera ilegal, voluntaria y maliciosa y en la casa de D. Ramón Román donde se celebraba un baile y en donde había reunidas infinidad de personas, el acusado Antonio González de manera ilegal portaba y conducía sobre su persona una pistola, o revólver, arma de fuego, y con cuya arma puede ocasionarse daño corporal, y con la que hizo varios disparos."

Se nos cita como ley aplicable los artículos 157 y 452 del Código de Enjuiciamiento Criminal. La copia de esos artículos es:

"Artículo 157.—Si se admitiere la excepción, esto constituirá sentencia definitiva respecto a la acusación impugnada, y excluirá la formación de otro proceso por el mismo delito, a no ser que a juicio del tribunal, la objeción en cuya virtud fuere admitida la excepción perentoria, pudiera evitarse mediante nueva acusación, y ordenare la presentación de ésta; *Disponiéndose,* que después de la orden para una nueva acusación, podrá el reo ser examinado por un juez de paz, y puesto en libertad o reducido a prisión, como en los demás casos."

"Artículo 452.—Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un 'misdemeanor' (delito menos grave); pero no así cuando el delito es un 'felony' (delito muy grave)."

Se nos cita el caso *Ex-Parte Henry Williams on Habeas Corpus* (se ha citado, no por el nombre, sino por el tomo y página, que son 116 Cal. 512) como ilustración de la inter-

pretación de artículos iguales o similares al de nuestro Código de Enjuiciamiento Criminal. En este caso el acusado había interpuesto una excepción a la acusación, y la corte la sostuvo, con permiso al fiscal para presentar nueva acusación. La corte sostuvo, de acuerdo con la jurisprudencia en otros casos (*People* v. *Jordán,* 63 Cal. 219 y *People* v. *O'Leary,* 77 Cal. 34) que la concesión de la excepción envuelve una resolución final sobre la acusación objetada, y es un obstáculo legal para la nueva acusación por el mismo delito, a menos que la corte ordene que se presente nueva acusación. Y decidió asimismo que el permiso para nueva acusación, no es la orden para que se presente, y que el juez debió seguir el lenguaje del estatuto, sección 1008, y ordenar la acusación. La decisión fué tomada por mayoría.

De otra parte, el fiscal de este tribunal nos cita la decisión en *El Pueblo* v. *Piris,* 36 D.P.R. 494, en donde se dijo que cuando la acusación alegaba que se llevaba un arma de fuego, instrumento con el que se puede causar grave daño corporal, la ausencia de una indicación más definida con respecto al arma, no es un defecto fatal.

La excepción en este caso ofreció dos motivos: la falta de hechos constitutivos de delito, motivo que fué rechazado por la corte; y la ambigüedad, incertidumbre e inintcligibilidad, motivo que se apreció y sostuvo.

El caso ha sido presentado ante este tribunal, con notoria habilidad por el abogado del recurrente. Pero nos es preciso observar si, en la realidad, la llamada segunda excepción, lo era, y de serlo, cuáles sean sus consecuencias legales.

El artículo 153 del Código de Enjuiciamiento Criminal, dice así:

"El acusado podrá poner reparos a la acusación, cuando de su contenido resultare cualquiera de las circunstancias siguientes:

"1. No ajustarse en su fondo a los requisitos establecidos en los artículos 71, 72 y 73;

"2. Imputarse en ella más de un delito;

"3. No constituir delito público los hechos denunciados;

"4. Contener cualquiera materia que de ser cierta, constituiría una justificación o excusa legal del delito denunciado, o excepción legal que excluya la acción."

De ser la que comentamos una excepción perentoria, estaría excluida de los números 2, 3 y 4 del artículo. Y en cuanto al número 1, es forzoso que se haga resaltar, en la letra del precepto, su espíritu. No es el procedimiento en materia penal un conjunto de reglas para sustraer al acusado a la acción de la ley, y à las consecuencias de sus actos. Protege, sí, los derechos individuales, pero sin abandonar los derechos sociales que tienen para la ley tanta importancia como aquéllos, cuando menos. Así, el precepto del número 1 del artículo 153, de que tratamos, obedece a la teoría de que no puede sostenerse una acusación *fundamentalmente* defectuosa: y las palabras de la ley son precisas y claras: "No ajustarse *en su fondo* . . ." (cursivas nuestras) o como se dice en el original inglés:

"1. That it does not substantially conform to the requirements of sections 71, 72 and 73."

Para decidir si hay o no una conformidad substancial con esos requerimientos basta ver el precepto legal que se dice infringido.

La Ley No. 14 de 25 de junio de 1924, en su artículo 1°. dice así:

"Artículo 1.—Toda persona que ilegalmente portare o condujere cualquier arma o instrumento con el cual pueda causarse daño corporal incurrirá en pena de prisión de un mes a seis meses."

Y el artículo 2, en que se funda la sentencia, dice así:

"Artículo 2.—Toda persona que tomare parte o se introdujere en cualquier reunión congregada con un fin lícito, portando ilegalmente armas de las prohibidas en esta Ley, incurrirá en pena de prisión mínima de tres meses y máxima de un año."

Y en la resolución del caso *El Pueblo* v. *Piris*, 36 D.P.R. 494, se sostuvo por este tribunal que una acusación en que se

alega que una persona portaba un arma de fuego que es un instrumento con el que puede causarse daño corporal, es suficiente.

Ante la consideración de los preceptos legales, y de la jurisprudencia, no puede sostenerse que la denuncia fuera, en este caso, susceptible de excepción, fundándose ésta en el número 1°. del artículo 153 del Código de Enjuiciamiento Criminal. Si pudiera decirse que había en ella defecto, no sería ciertamente de no ajustarse *en su fondo* a la ley. Y si el defecto existió, y fué puramente formal, es indudable que pudo enmendarse tal denuncia; y mas aún, cuando el defecto consistiera en una redundancia, fácilmente eliminable.

*La sentencia apelada debe ser confirmada.*