El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Rodríguez (*a*) Lara, acusado y apelante.

Núm. 8917.—*Sometido:* Diciembre 5, 1941. *Resuelto:* Diciembre 12, 1941.

*Julio Viera Morales,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué sentenciado por los delitos de portar armas prohibidas y de infracción a la Ley sobre Registro de Armas. Los dos casos fueron vistos por la misma evidencia en la corte inferior e igualmente fueron consolidados en este recurso. Alega el apelante que la corte inferior erró al desestimar la excepción perentoria que interpuso en el caso en que se le imputaba la infracción a la ley sobre registro de armas, que erró igualmente al apreciar la evidencia en uno y otro caso, y por último, que las dos sentencias son contrarias a la evidencia y a la ley.

 Consideraremos en primer término las cuestiones relativas a la excepción perentoria.

Fundamentándola, se expresó así la defensa:

"En esta alegación no se alega el domicilio del acusado durante los treinta días subsiguientes a la fecha en que empezó a regir la ley número 14, aprobada en 8 de julio de 1936, subsiguientemente enmendada. No se alega que en esa época el acusado hubiera sido dueño o poseedor de la llamada arma de fuego que se dice él poseía. No se alega, señor Juez, con posterioridad a los treinta días que daba dicha ley para inscribir el arma, el domicilio del acusado o la fecha en que hubiera adquirido esa arma, para venir obligado a inscribirla dentro de los treinta días. No se alega, señor Juez, el número y marca del revólver que se dice poseía el acusado en la fecha que se alega en la acusación."

El artículo 7 de la ley núm. 14, de 8 de julio de 1936, (Leyes de ese año, Tercera Legislatura Extraordinaria, pág. 129), según fué enmendado por la número 95 de 12 de mayo de 1937 (Leyes de 1936-37, pág. 240), en lo pertinente dice:

"Artículo 7. Toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida, a no más tardar del trigésimo día después de aquél en que se haga la última publicación de los edictos que se ordenan en el artículo 9 de esta Ley. Igualmente, toda persona que obtenga el dominio o posesión de cualquier

arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde reside.

" * * * * * * *

"Después de vencido el término durante el cual podrá procederse a la inscripción de las armas de fuego en la forma que se prescribe inmediatamente antes, el hecho de poseer un arma de fuego cuya posesión o dominio ha sido obtenido sin ajustarse a las disposiciones de esta Ley, o no hubiere sido declarado de acuerdo con las prescripciones de este artículo será evidencia prima facie de que el arma de fuego se ha obtenido, se posee o se transporta ilegalmente."

■ Los tribunales toman conocimiento judicial de la fecha en que comienzan a regir las leyes, y expresándose en la acusación, como se hace en este caso, la fecha en que fué ocupada el arma no registrada, a saber, el 4 de noviembre de 1940, fácilmente se infiere que para dicha fecha habían transcurrido no ya los treinta días siguientes a la vigencia de la ley, si que más de cuatro años. ■■ El delito de infracción a la ley citada es de naturaleza continua, pues mientras el arma se halle en poder del acusado la ley le impone el deber de declararla, y como la declaración deberá hacerla al Jefe de la Policía Insular del distrito donde resida, claro es que la residencia que debe alegarse es la que tenía el acusado en la fecha de ocuparse el arma, que fué el sitio donde tuvo la última oportunidad de declararla. Siendo este delito de naturaleza continua, no empieza a correr la prescripción sino desde la fecha en que termine la comisión del delito, o sea desde que el acusado cese en la posesión del arma. En el presente caso empezó a correr la prescripción el 4 de noviembre de 1940, o sea la fecha en que el acusado cesó en la posesión del revólver, y por consiguiente al radicarse la acusación el 12 de diciembre de 1940 no había transcurrido todavía el año de prescripción que la ley señala para los delitos *misdemeanor*. ■ Finalmente, no es necesario que en la acusación se exprese el número y marca del arma. Basta alegar que es un revólver, pues dicho vocablo tiene un concepto bien

definido en el idioma castellano y por sí solo basta para informar al acusado de la naturaleza del arma de que se trata. Lo que requieren la ley y la jurisprudencia es que se informe razonablemente al acusado del delito que se le imputa, y la acusación en este caso presentada cumple satisfactoriamente dicho requisito. *Pueblo* v. *Avilés,* 54 D.P.R. 272. Véanse por analogía *Pueblo* v. *Nieves,* 37 D.P.R. 637; *Pueblo* v. *González,* 39 D.P.R. 380; y además *State* v. *Nyhus* (1929, Minn.) 222 N.W. 925, y *Schraeder* v. *State,* 162 N.E. 647. Si el acusado hubiese deseado que se hiciese más específica la acusación, bien pudo solicitarlo oportunamente mediante un pliego de particulares. *Pueblo* v. *Avilés,* supra.

■ Consideremos ahora el segundo señalamiento de error. De la prueba resulta que en la noche del 4 de noviembre de 1940, víspera de las elecciones generales efectuadas en dicho año, el acusado trató de pasar por una calle en Coamo donde se hallaba un club de un partido político contrario al que él pertenecía, y una de las personas que se hallaba en la calle, de igual filiación a la del club antes mencionado, trató de impedirle que pasara por ella. Se produjo un altercado entre ambos y el acusado le pegó con un foete que llevaba. Acto seguido sacó un revólver, pero entonces la persona agredida le lanzó una piedra que le dió en la mano al acusado, cayéndosele el arma, que fué ocupada por otra persona, quien la presentó al cuartel de la policía, jurándose así las correspondientes acusaciones por ambos delitos. La prueba, aunque contradictoria, tiende a sostener las acusaciones y habiendo la corte inferior dirimido el conflicto en contra del acusado y no habiéndose demostrado que al así hacerlo actuara movida por pasión, prejuicio o parcialidad, o que cometiera error manifiesto en la apreciación de la prueba, no podemos alterar sus conclusiones.

El tercero de los errores señalados está predicado en los dos anteriores, y no existiendo éstos, tampoco existe aquél.

*Procede, por lo expuesto, la confirmación de la sentencia apelada.*

·El Juez Asociado Sr. Todd, Jr., no intervino.