El Pueblo de Puerto Rico, demandante y apelado, *v.* Melquiades Candelaria Rodríguez, acusado y apelante.

Núm. 9259.—*Sometido:* Junio 8, 1942. *Resuelto:* Junio 26, 1942.

*E. Pérez Casalduc,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Melquiades Candelaria Rodríguez fué acusado por el fiscal del distrito de Arecibo de poseer y transportar sobre su persona el 22 de enero de 1940, en el barrio Pajuil, Hatillo, un arma de fuego sin haberla declarado por escrito al jefe de la policía del lugar de su residencia, en violación de la sección 7 de la Ley número 14 de 1936 ((2) pág. 129), como enmendada en 1937 (Ley núm. 95 de 1937, Leyes de 1936–37, pág. 240).

Celebrado el juicio, el acusado fué condenado por la corte de distrito a ocho meses de cárcel. Apeló y señala en su alegato tres errores, cometido el primero al resolver la corte que la acusación imputaba un delito, el segundo al no permitir al testigo Rafael Milán que declarara si aparecía o no inscrita algún arma a nombre del padre del acusado y el tercero al apreciar la prueba.

Argumentando el primer señalamiento sostiene el apelante que alegando como alega tan sólo la acusación que el acusado poseía y transportaba sobre su persona un arma

de fuego que no había declarado en el cuartel de la policía, sin expresar que dicha arma fuese pistola, revólver, escopeta o rifle, que son las mencionadas en el artículo primero de la ley que se dice infringida, no le imputa un delito. Invoca en apoyo de su contención las decisiones de esta propia corte en los casos del *Pueblo v. Avilés,* 54 D.P.R. 272 y *Pueblo v. Rodríguez,* 59 D.P.R. 602.

En el último de ellos se cita el primero y se resuelve, a la página 604, " . . . Finalmente, no es necesario que en la acusación se exprese el número y marca del arma. Basta alegar que es un revólver, pues dicho vocablo tiene un concepto bien definido en el idioma castellano y por sí solo basta para informar al acusado de la naturaleza del arma de que se trata. Lo que requieren la ley y la jurisprudencia es que se informe razonablemente al acusado del delito que se le imputa, y la acusación en este caso presentada cumple satisfactoriamente dicho requisito. . . . "

Si se examina la ley sobre la materia, se verá que la acusación es suficiente. La sección siete de la misma, tal como quedó enmendada por la Ley núm. 95 de mayo 12, 1937, comienza: "Toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida, . . . " Y luego añade, "Igualmente, toda persona que obtenga el dominio o posesión de cualquier arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo. . . . "

Esa seccción se redactó en esa forma, esto es, hablando en general de "cualquier arma de fuego," porque en la primera se había ya dicho "La palabra 'arma de fuego,' tal y como se usa en esta Ley, significa toda pistola o revólver, cuyo cañón mida hasta doce pulgadas de longitud; cualquier escopeta de municiones cuyo cañón mida hasta veinticuatro pulgadas de longitud, y cualquier rifle cuyo cañón mida hasta quince pulgadas de longitud."

De suerte que cuando en la acusación, siguiendo las palabras del estatuto, se imputó al acusado que " . . . ilegal, voluntaria, maliciosa y criminalmente, poseía y transportaba sobre su persona un arma de fuego sin haber declarado la misma . . . ", "arma de fuego" tenía el significado que la propia ley le daba, esto es, pistola, revólver, escopeta o rifle de los especificados en la sección primera. Si el acusado necesitaba una más concreta especificación, pudo solicitar de la corte que ordenara se le diera, como se resolvió en el propio caso del *Pueblo* v. *Avilés,* supra, y se ratificó en el del *Pueblo* v. *Rodríguez,* supra. Pero no puede sostener ahora con éxito que la acusación no le imputó un delito. El primer error no fué, pues, cometido.

Examinemos el segundo. El Pueblo llamó a declarar a Rafael Milán, cabo de la policía y comandante del distrito de Hatillo. Repetidamente había dicho que el acusado no tenía arma de fuego alguna registrada en el cuartel, cuando, en el trámite de repreguntas, ocurrió lo que sigue:

"P. ¿Qué son esos libros? R. Registros de armas del Cuartel de la Policía de Hatillo.

P. ¿Podría mostrarlos? R. Sí, señor.

\* \* \* \* \* \* \*

P. ¿Aquí aparece inscrita algún arma a nombre del padre del acusado Melquiades Candelaria?

Hon. Fiscal: Es materia nueva.

Hon. Juez: No se admite. Ya dijo que no hay nada del acusado. Tiene que presentar o probar que se ha inscrito o no."

El acusado no tomó excepción. Ahora, en apelación, sostiene que el error cometido es de tal naturaleza que esta corte debe considerarlo usando de la facultad que le concede el *disponiéndose* de la sección primera de la ley de mayo 30, 1904, leyes de 1905, página 16 (Comp. 6408).

No creemos que la cuestión tenga la importancia que le atribuye el apelante. El hecho de que el padre del acusado pudiera tener inscrito a su nombre un revólver no fué alegado como defensa, ni los autos demuestran que de haberse

alegado hubiera podido tener éxito. La teoría del acusado fué la de que él no portaba arma alguna.

█ El tercero y último de los errores señalados, exige el examen de la evidencia.

El primer testigo que declaró fué Ernesto Alonso González. Dijo que en el sitio y día especificados en la acusación vió al acusado disparar con un revólver o pistola, un arma de fuego, contra Rafael Alonso, hiriéndolo. Vió los chispazos y oyó la detonación. No vió el arma. Aclara que vió el arma de fuego en manos del acusado pero no puede asegurar si era pistola o revólver.

Llamado el agredido Rafael Alonso González, declaró que en los alrededores de Pajuil, Hatillo, en enero 22, 1940, el acusado lo desafió y le disparó "No sé si revólver o pistola, pero era un arma de fuego." Vió el arma. No era una escopeta. El acusado y él eran amigos.

Armando Quiñones vió al acusado con un arma en la mano pero no sabe de qué clase era. Con ella le hizo dos disparos a Rafael Alonso. Era de noche. Hacía luna. Estaba bastante claro.

Ya nos hemos referido a la declaración del último testigo de cargo, Milán, demostrativa de que el acusado no tenía inscrita arma de fuego alguna en el cuartel de la policía del pueblo de su residencia.

La defensa introdujo entonces al testigo Celedonio Talavera. Declaró en resumen que en el sitio y fecha indicados vió al acusado y a Alonso. Eran las nueve de la noche. Muy clara la luna. Se verificaban las inscripciones. Como a diez pies observó cuando el acusado y Alonso se agarraron a pelear. No vió que el acusado portara arma alguna. Sintió dos detonaciones de revólver, pero insiste en que no vió en momento alguno que el acusado tuviera arma. A propuesta de la defensa el fiscal admitió que los otros testigos del acusado declararían de igual modo que Talavera, y terminó la prueba.

A nuestro juicio es suficiente. Demuestra, dando crédito a la de cargo como lo dió la corte sentenciadora, que el acusado estaba en posesión de una pistola o un revólver, que es una de las armas de fuego cuyo registro ordena la ley, sin haberla registrado. Y ello es bastante.

A menos que se tenga alguna experiencia, es difícil distinguir entre una pistola y un revólver, y sin embargo cuando el instrumento se ve en manos de una persona y ésta lo dispara, bien se puede asegurar, como aseguraron los testigos en este caso, que se trataba de un arma de fuego, que necesariamente era una u otra cosa, una pistola o un revólver. La definición que de "pistola" da el Diccionario de la Academia Española es "Arma de fuego, corta y con la culata arqueada, que se amartilla, apunta y dispara con una sola mano" y la de "revólver," "Pistola de varios cañones o de un solo cañón y un cilindro giratorio con varias recámaras."

*El error no fué cometido. Procede la confirmación de la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.