EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FELÍCITA GARCÍA VELOSA, acusada y apelante.

Núm. 10604.—*Sometido:* Diciembre 5, 1944. *Resuelto:* Diciembre 13, 1944.

*R. Rivera Zayas*, abogado de la apelante; *R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Felícita García Velosa fué convicta de una infracción al artículo 266 del Código Penal consistente, según se alegó en la acusación, en haber administrado y empleado "ciertos agentes mecánicos, medios y procedimientos a y sobre la persona de Sofía Olivero Ruiz", quien se encontraba en estado de embarazo, con la intención o propósito de provocarle como le provocó un aborto, sin que el mismo fuera necesario para salvar la vida de dicha persona y sin que la intervención fuera ordenada por un médico.

1. La apelante alega como primer señalamiento que la acusación no expone hechos suficientes para determinar la comisión de un delito público.

El artículo 266 del Código Penal dispone que "Toda persona que proporcionare, facilitare, administrare o hiciere tomar a una mujer embarazada cualquier medicina, droga, o sustancia, o que utilizare o empleare cualquier instrumento u otro medio, con intención de hacerla abortar, excepto el caso de que fuere necesario para salvar su vida, incurrirá en pena de presidio por un término de dos a cinco años".

Examinada a la luz de lo prescrito en el citado artículo, encontramos que la acusación contiene hechos suficientes

para informar a la acusada en cuanto a la naturaleza del delito que se le imputa. La acusación, aun cuando pudo haber sido más detallada, se ajustó prácticamente al lenguaje del estatuto y es a nuestro juicio suficiente. Si la acusada necesitaba, para poder hacer su alegación, que se le informara con mayor particularidad sobre la clase de agentes mecánicos o instrumentos que se le imputaba haber usado para provocar el aborto, ella pudo muy bien solicitar un pliego de particulares. No lo hizo así y al serle leída la acusación alegó no ser culpable y solicitó juicio por jurado. *Pueblo* v. *Candelaria*, 60 D.P.R. 626.

En el segundo señalamiento se alega que el veredicto es contrario a la evidencia; y en el tercero, que la corte inferior erró al no instruir al jurado sobre la necesidad de que la declaración de la perjudicada fuese corroborada.

La apelante admite en su alegato que la evidencia es contradictoria. Lo único, pues, que nos toca resolver es si la de cargo, a la cual dió crédito el jurado, es suficiente para justificar el veredicto. La hemos estudiado detenidamente y opinamos que es suficiente para sostener el veredicto y justificar la sentencia.

La prueba demostró que la perjudicada gozaba de buena salud, tanto antes como durante el embarazo, y eso es suficiente para demostrar, prima facie, que la intervención para producir el aborto no era necesaria para salvar su vida. Underhill *Criminal Evidence,* 4th Ed., sec. 589, pág. 1159 y nota 84, pág. 1160. Establecido el hecho prima facie, incumbía a la acusada demostrar, como materia de defensa, la necesidad del aborto para salvar la vida.

La declaración de Sofía Olivero Ruíz fué corroborada en sus extremos esenciales por el testimonio de los doctores que examinaron el feto y los órganos genitales de la perjudicada, quedando satisfactoriamente comprobado que la intervención criminal se había efectuado y que como consecuencia de esa intervención un feto que tenía seis o seis

meses y medio de concebido fué dado a luz prematuramente y muerto. El hecho de la participación de la acusada en la provocación del aborto aparece corrobordo por las declaraciones de la testigo Juanita Crispín y del detective Díaz.

Es cierto que la corte no dió al jurado instrucciones específicas en cuanto al requisito de que en casos de esta naturaleza la declaración de la mujer agraviada debe ser corroborada por otras pruebas, según lo dispone el artículo 250 del Código de Enjuiciamiento Criminal, pero no es menos cierto que la acusada, quien estuvo representada por competente letrado, no solicitó que se intruyese al jurado sobre ese extremo, ni anotó excepeión alguna en contra de la omisión en que incurrió la corte inferior. Si a esto añadimos el hecho de que la declaración de la agraviada fué plenamente corroborada, nos veremos precisados a concluir que el error señalado no ha podido perjudicar a la acusada y que no estaría justificada la revocación de la sentencia.

*La sentencia debe ser confirmada.*