El Pueblo de Puerto Rico, demandante y apelado, *v.*
Manuel Piñero Agosto, acusado y apelante.

Núm. 13059.—*Sometido:* Abril 8, 1948. *Resuelto:* Abril 14, 1948.

*Guillermo S. Pierluisi,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Manuel Piñero Agosto fué acusado y convicto de los delitos de portar armas y no inscripción de armas. De las sentencias dictadas en su contra apela para ante este Tribunal. Sostiene en su alegato que el tribunal inferior erró al no declarar con lugar la excepción perentoria formulada por él contra la acusación por no inscripción de armas y que las sentencias en ambos casos son contrarias a la prueba y a derecho.

La acusación en el caso de infracción a la ley sobre registro de armas alega en síntesis que el acusado "allá.

por el día 11 de mayo de 1947, y en Río Piedras, que forma parte del Distrito Judicial de San Juan, ilegal y voluntariamente, tenía en su posesión y dominio sin declararlo por escrito al Jefe de la Policía de Río Piedras *que es el distrito donde reside el acusado,* una pistola siendo dicha pistola un arma de fuego con la cual puede causarse grave daño corporal." (Bastardillas nuestras.)

De los autos se desprende que al ser llamado el caso para juicio el acusado presentó una excepción perentoria fundada en que "bajo la legislación nuestra, no hay tal delito como poseer una pistola sin declarar la posesión." Está en un error. El artículo 7 de la Ley número 14 de 8 de julio de 1936 (pág. 129), según fué enmendado por la Ley número 95 de 12 de mayo de 1937 (pág. 240), provee que:

"Toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida, a no más tardar el trigésimo día *después de aquél en que se haga la última publicación de los edictos que se ordenan en el artículo 9 de esta Ley.* Igualmente, toda persona que obtenga el dominio o posesión de cualquier arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida. . . . . ."

Interpretando esa ley este Tribunal en numerosas ocasiones ha resuelto que la médula del delito la constituye la posesión del arma, independientemente del momento en que se obtuvo, y el dejar de declararla por escrito al Jefe de la Policía correspondiente. *Pueblo* v. *Sánchez,* 55 D.P.R. 940 y *Pueblo* v. *Martínez,* 67 D.P.R. 858.

No habiéndose cometido el primer error alegado, pasaremos al segundo, el cual, como ya hemos visto, se dirige a la apreciación que de la prueba hizo el tribunal inferior. Analizaremos la misma:

*Rafael C. Torres* declaró que es Cabo de la Policía Insular y que el 11 de mayo de 1947 se dirigía en automóvil,

como a las cinco de la tarde, en unión a su esposa y otros amigos, de Río Piedras a Carolina; que al llegar a un sitio en el. Barrio Sabana Llana donde hay un puesto de gasolina el tráfico estaba interrumpido y que en ese momento el acusado cruzaba la carretera haciendo zigzags, con una pistola alemana en la mano; que entonces él dijo: ''Tengan cuidado, que ese borracho les puede pegar un tiro con esa pistola''; que en seguida el acusado se dirigió hacia él, le apuntó a la sien y trató de dispararle; que Piñero Agosto le agredió con la pistola y que luego un individuo conocido por El Negro Bueno le quitó la pistola al acusado y la botó; que el acusado ''reside allí mismo en Sabana Llana, en una .callecita transversal al lado izquierdo de la carretera'', y que para el 11 de mayo de 1947 residía allí mismo.

*Isabel Fornés de Torres* corrobora a su esposo, que fué el testigo que la precedió, y manifiesta que vió la pistola portada por el acusado, describiéndola.

*Rosario Martínez de Pacheco* iba en el automóvil conducido por Rafael C. Torres en el momento que ocurrieron los hechos. Vió la pistola en poder del acusado, así como cuando éste hirió al Cabo Torres y cuando rompió con la pistola un cristal del automóvil.

*Hernán Altieri* es policía insular y está a cargo del Registro de Armas en el Cuartel General. Manifiesta que un tal Manuel Piñero aparece con un revólver inscrito, pero que Manuel Piñero Agosto no aparece con ningún arma inscrita, ni en Río Piedras ni en ningún distrito de la isla.

La prueba de la defensa, consistente en el testimonio de Gregorio Bulerín, Natividad Morales Pastrana y Rosendo Clemente y en la declaración del propio acusado, tendió a demostrar que éste no portaba arma de clase alguna el día a que hacen referencia las acusaciones.

El tribunal inferior apreció la prueba, dirimió el conflicto, y llegó a la conclusión de que el acusado portaba un arma sin tener ésta inscrita. La prueba justifica la apre-

ciación hecha por éste y no hallamos que al así actuar cometiera manifiesto error o incurriera en pasión, prejuicio o parcialidad. Véanse *Pueblo* v. *Santos,* 67 D.P.R. 650 y *Pueblo* v. *Rodríguez,* 59 D.P.R. 602. Al dirimir el conflicto en la forma en que el tribunal inferior lo hizo, quedaron probadas la posesión del arma y la no inscripción de la misma, y que la residencia del acusado el 11 de mayo de 1947 lo era el Barrio Sabana Llana, de la jurisdicción municipal de Río Piedras. *Pueblo* v. *Alvarado,* 63 D.P.R. 649; *Pueblo* v. *Otero,* 61 D.P.R. 36 y *Pueblo* v. *Rodríguez,* supra.

*Bajo estas circunstancias, procede confirmarse · las sentencias apeladas.*