El Pueblo de Puerto Rico, demandante y apelado, *v.* Antonio Acevedo Rodríguez, acusado y apelante.

Núm. 14043.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Diciembre 16, 1949.

*Arcilio Alvarado y Carlos J. Ortiz,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Antonio Acevedo Rodríguez fué acusado y convicto de los delitos de portar armas e infracción a la Ley sobre Registro de Armas de Fuego. Señala en apelación tan sólo dos errores. Éstos son al efecto de que la corte inferior erró al declarar probado que él portaba y poseía el arma a que los casos se refieren y al declarar probado que el arma en cuestión no estaba inscrita a su nombre.

La prueba de El Pueblo fué al efecto de que el día 11 de noviembre de 1948, como a las tres menos cuarto de la madrugada, dos policías del cuartel de la parada 19 se hallaban haciendo un recorrido en un *jeep* por la prolongación de la

calle Labra, poco antes de llegar al puente de báscula situado en la carretera que conduce de Santurce a Bayamón; que los policías vieron a cuatro individuos parados en el centro de la carretera y uno de éstos echó a correr, arrestando entonces a los tres restantes por hallarse en estado de embriaguez; que en ese momento el acusado se quedó un poco atrás y dió la vuelta por detrás de una *pisicorre* que estaba estacionada; que uno de los policías dió entonces la vuelta por el frente y vió que el acusado tenía la mano metida en el seno y sacó un objeto sin brillo que lanzó y que al tirarlo chocó contra una verja de madera; que ese objeto era la pistola que se le mostraba al testigo y que se ofrecía en evidencia; y que el testigo supo que se trataba de una pistola cuando la recogió del suelo. También reveló dicha prueba que la pistola ofrecida en evidencia no aparecía inscrita a nombre de persona alguna.

La prueba del acusado tendió a demostrar que durante la noche en cuestión él se hallaba en unión a otras dos personas tomando café en un restorán; que al salir un carro les enfocó y en seguida les pasó por el lado un hombre que iba corriendo; que ese hombre lanzó un objeto que ellos no vieron; que la policía les arrestó; que el acusado no fué registrado en momento alguno; y que éste no portaba ninguna pistola.

La corte inferior dirimió el conflicto y concluyó que el acusado había cometido los delitos imputádosle. Hay sin duda suficiente prueba en los autos para justificar la conclusión a que ella llegó. *Pueblo* v. *Blanco,* 68 D.P.R. 932.

■ El manifestar el juez, al solicitársele la reconsideración de la pena impuesta, que "en San Juan, y en la isla de Puerto Rico en general, la ola de crimen va en un aumento de tal naturaleza que este juez...... no se siente inclinado a imponer el mínimo en ningún caso de ciudadanos que se traigan ante su consideración a menos que fuera un caso demasiado excepcional" no quiere decir que al conocer de los casos y al dictar sus sentencias él actuara movido por pasión, prejuicio o parcialidad.

698

■■ En relación con el arma ocupada, el testigo Altieri se limitó a decir que la misma no figuraba inscrita a nombre de nadie en el registro que se lleva por la policía. El apelante no presentó prueba en contrario. Esto lógicamente significaba que tampoco la pistola estaba inscrita a nombre de él. *Pueblo* v. *Piñero*, 68 D.P.R. 609. La corte inferior, en su consecuencia, actuó acertadamente al declarar también culpable al acusado de ese delito. Empero, visto lo resuelto con fecha 14 de diciembre de 1949, en el recurso de *certiorari* núm. 1823, *El Pueblo de Puerto Rico* v. *Tribunal de Distrito de San Juan, Julián Ríos Díaz, Interventor*, ante, pág. 678, se ordena el archivo y sobreseimiento de la causa seguida contra este acusado por infracción a la Ley sobre Registro de Armas. Sin embargo, aunque en el caso citado se ordena el archivo del mismo, siempre que Ríos Díaz cumpla previamente con la obligación de registrar el arma impuéstale por la ley, en el presente es innecesario que se dé cumplimiento a tal requisito, ya que el apelante fué también acusado del delito de portar armas y la misma fué ocupada, y al ser convicto de ese último delito el arma debe ser decomisada a tenor de lo provisto por el artículo 9 de la Ley núm. 14 de 1924, págs. 115, 121.

*Debe confirmarse la sentencia apelada en el caso de portar armas y archivarse la causa por infracción a la ley sobre registro de armas.*